## JOHN D. VAN BLARCOM *vs.* CHARLES FRIKE.

1. If the owner of the land through which a private or by-road passes places sliding bars across the road, instead of swinging gates, it does not change the character of the road; and although bars have been kept there by the owner for thirty or forty years without complaint from those using the road, it does not raise the presumption that the right to use the road had ceased.

2. Where the defendant in an action of trespass sets up the defence, that the way over which he passed was a private or by-road, whether it was such road or not, is a question of fact to be decided by the jury.

In error to the Supreme Court.

*J. Hopper* and *S. Tuttle,* for plaintiff in error.

*D. Barcalow* and *A. S. Pennington,* for defendant.

Van Blarcom v. Frike.

The opinion of the court was delivered by

KENNEDY, J. This is an action of trespass, Charles Frike, plaintiff in the court below, against John D. Van Blarcom. The plaintiff claims damages $100, for defendant's traveling across his lands. It appears from the evidence that defendant and others have been traveling over plaintiff's land for more than thirty years, in one particular road, without permission or protest from any of the owners. The land consisted of three fields, and four pair of sliding bars were on the line of the road on plaintiff's land.

The first question is, was it a private way ? It was not claimed or used by any one individual. It was used by all who wanted to travel it. It was used by all who wanted to haul logs from the mountain to Van Blarcom's saw-mill. It was used by all who wanted to cross the mountain through the gap, and go to the village of Oldham. Was it, then, a private way ? The defendant so claims in one of his pleas ; and these facts should have been left to the jury to decide. Our statute recognizes three different roads, a public road, a private road, and a by-road. It was not a public road. There is no evidence that it had ever been laid out by surveyors, therefore it was not a private road previous to the action of the freeholders. It can only be a by-road, such as is recognized by the road law, in the 19th section. A by-road is a road "used by the inhabitants, and recognized in our statute, but not laid out." They are often called drift-ways. They are roads of necessity in newly-settled countries. Individuals locate some distance from a public road. They make a by-road to the nearest public road. In process of time other individuals locate between them and the highway and the land is cleared, but the road is continued, and the owner of the cleared lands places sliding bars at the outside of his enclosure and on the line of the by-road, and they continue to use their road for thirty or forty

years. Has it now ceased to be a by-road because it has bars instead of gates? This is Judge Vredenburgh's opinion to the jury; but I think the judge erred in that part of his charge. Admitting that the statute gives permission to the land-holder to place a gate across the road, and does not mention bars; yet if the persons who use the road acquiesce in the use of bars, and are willing to endure the inconvenience of taking out bars, instead of opening gates, can the land-holder take advantage of his own wrong in placing bars instead of gates? I think clearly not. The bars were placed there as a substitute for gates, and if the owners of the land and the persons who traveled the road were satisfied with the substitute, who is injured or who has a right to complain? One thing is certain, the bars did not prevent the inhabitants from the use of the road, but they have continued to use it for the last thirty or forty years, whenever they pleased to do so, without any restriction as to time or mode. The bars have been no bar to such usage of the road. The erection and maintaining of four pair of sliding bars for over forty years by the land-owners on the line of the road, which the whole neighborhood was constantly traveling, was not a closing of the road against the inhabitants, but it was an invitation for them to use it. For what other purpose were the sliding bars kept there? Suppose it was true in law, as stated by the judge, that bars are such an obstruction to a by-road that the man who placed them there could be indicted; yet if all parties acquiesced without indicting the land-owner, it would not change the character of the by-road.

A nuisance erected and maintained for any number of years in a public, private, or by-road, would not change the character of the road, if the travel on the road is uninterrupted. In this case, even if the bars were a nuisance, they did not interfere with the continuous travel. It appears from the evidence that the bars were generally left open in the winter season. Now if, according to the English decisions, a land-owner could preserve his rights by

putting up a single bar across the road one day in each year, then surely the persons traveling this road would preserve their rights by throwing the road open two or three months every winter.

Our statute does not contemplate that private roads and by-roads shall be open roads. It gives the owner of the land the right to hang ' swinging gates thereon enclosing the land. If bars are an obstruction, so are gates. If bars are a fence, and fence in the road, so do gates. While the statute says gates may be put up, it does not say that bars shall not be used for the same purpose of gates, for the passage of the traveler and the protection of the crops. If this road was a by-road when the owner of the land shut it up by forbidding the defendant, Van Blarcom, to travel it any longer, our road law, section 19, gave him a remedy. It appears, by the evidence, that he called three freeholders, who proceeded to ascertain that it was a by-road, heretofore used as such by the inhabitants; that it had recently been shut up, &c.; and they proceeded to lay it out, and directed it to be opened on the same ground heretofore used.

There is no pretence that the freeholders varied from the law in any particular. If, then, the road in question was a by-road before it was closed, it is a private road now. The language of the act is positive and imperative. It reads thus: " which shall remain as a private road until it be vacated or altered as in the manner directed in the fourth section of the act." Courts have no right to set aside the plain language of statute law, provided it is in accordance with the constitution.

But was it a by-road when shut up, and the freeholders called to open it? That was the main question the jury were called to try. The defendant, in one of his pleas, claims that it was a by-road, and this was evidently the principal plea which he relied on. If it was neither before the road was shut up, or after the freeholders opened it, could the defendant be held for damages? Our laws

nowhere expressly define what a by-road is.   The presiding judge could not decide, as a question of law, whether this was a by-road or not.   It could only be decided by the facts and circumstances detailed in the evidence.   It was the province of the jury, and theirs only, to decide on these facts, and to determine from the facts and evidence whether this was a by-road.   Bars being used, instead of gates, was a fact for the jury.   Plaintiff occasionally ploughing across the road, was another fact for the jury.   What influence these facts were to have in determining whether it was a by-road, the jury only could determine.

But it appears that the judge, in his charge, took all these facts from the jury, and decided them himself.   He told them that " a by-road cannot exist where the owner keeps up bars;" that " if this road was used for fifty years, it would not be a by-road, because it was shut up by bars;" that " a by-road cannot exist where the owner has bars ;" and in the close of his charge, he told the jury that " defendant had failed to show either a private road or by-road, or of his having a right of way, and that defendant is consequently liable for such damages as the plaintiff has proved."   This charge of the judge goes beyond the rule of law.   He decides upon the facts.   When parties put themselves upon the country to be tried by a jury of their peers, they have a right to a decision by the jury on the facts of the case.   The jury are sworn to render a true verdict according to evidence.   The right of trial by jury is a mere farce if the judge on the circuit decides the facts of the case, and directs the jury what verdict to find.

The decision of the court below should be reversed.

*For affirmance*—Judge HAINES.

*For reversal*—The CHANCELLOR, the CHIEF JUSTICE, and Judges ELMER, VAN DYKE, COMBS, CORNELISON, KENNEDY, and WOOD.

CITED *in Talmage* v. *Davenport,* 2 *Vr.* 562.